# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

CIVIL ACTION NO. 17-83-DLB

JERMAINE ROBERTS                                                           PETITIONER

vs.                **MEMORANDUM OPINION AND ORDER**

J. RAY ORMOND, Warden,                                    RESPONDENT

*** *** *** ***

Federal inmate Jermaine Roberts filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the Bureau of Prisons' calculation of his prior custody credits. (Doc. # 1). In essence, Roberts argues that 18 U.S.C. § 3583 requires the BOP to credit time he spent in custody in service of previous federal sentences imposed because he violated the terms of his supervised release against his most recent revocation sentence. (Doc. # 5).

On April 12, 2017, the Court entered an Order requiring Roberts (1) to pay the filing fee, (2) to file his petition on a court-supplied form, adequately stating the factual and legal basis for the relief he sought, and (3) to explain why his petition should not be dismissed as prematurely brought because he plainly had not exhausted his administrative remedies before filing suit. (Doc. # 3).

Roberts paid the filing fee. (Doc. # 4). He also filed a response to the Court's Order. (Doc. # 6). However, the response consists almost entirely of argument in support of his petition. Roberts did not complete the court's habeas petition form as he

1

was ordered to do, and his explanation regarding his admitted failure to invoke, let alone complete, the BOP's inmate grievance process is limited to a conclusory one-sentence assertion that the grievance process would be ineffective and insufficient. *Id.* at 4.

As the Court cautioned Roberts, his petition will be denied for failure to comply with an Order of the Court requiring him to file his petition on the Court's form. *Santiago v. Crews*, No. 3: 10-CV-P131-S, 2010 WL 2960741 (W.D. Ky. July 26, 2010) (citing *Daily v. Municipality of Adams County*, 117 F. App'x 669, 672 (10th Cir. 2004)). In addition, his petition is subject to dismissal where he readily acknowledges his failure to exhaust administrative remedies. *Cf. Giannini v. Hickey*, No. 5: 10-CVV-49-JMH (E.D. Ky. Mar. 11, 2010), *aff'd*, No. 10-5531 (6th Cir. Mar. 25, 2011).

Roberts's petition is also meritless. In 2010, Roberts was sentenced to sixty months imprisonment for multiple counts of mail and wire fraud. Roberts was released from prison in August 2013, but a month later, federal probation officers sought to revoke his supervised release for six violations. Roberts served the resulting four-month prison term, but in September 2014 was found guilty of six more violations and was sentenced to a six-month prison term. Roberts finished that second term in March 2015, but he then committed three more violations, resulting in an eight-month supervised release sentence being imposed in April 2015. After completing service of that prison term for his third set of violations, in March 2016, Roberts committed new criminal conduct resulting in five more violations. On February 1, 2017, Roberts was sentenced to twenty-four months imprisonment, with no new term of supervised release to follow. *United States v. Roberts*, No. 3:09-CR-60-SMR-TJS-1 (S.D. Iowa 2009).

Notably, on March 20, 2017, Roberts filed a *pro se* motion "to reconsider" in his criminal case seeking the exact same relief he seeks here: 641 days of "credit" against his fourth revocation sentence for time he spent in jail serving his first three revocation sentences. In doing so, Roberts expressly argued that the trial court's 24-month sentence exceeded the "cap" he believes is created by Section 3583. The trial court denied that motion on April 19, 2017, noting amongst other things that Section 3583 does not apply to the sentence he is currently serving - his fourth supervised release revocation sentence - because no new term of supervised release was imposed. (Docs. # 288, 297, and 303).

Properly characterized, Roberts's challenge is not to the BOP's *computation* of his fourth revocation sentence, but to the sentence *itself*. That challenge is not properly brought in a habeas corpus petition under Section 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Accordingly,

**IT IS ORDERED** as follows:

(1) Roberts's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) Roberts's Motion to Expedite (Doc. # 5) is **DENIED AS MOOT**;

(3) The Court will enter a judgment contemporaneously with this Order; and

(4) This matter is **STRICKEN** from the Court's active docket.

This 24th day of May, 2017.



Signed By:
*David L. Bunning*
United States District Judge

3